IN RE DISQUALIFICATION OF GWIN.

LEE, ADMR., *v.* HILL, D.B.A. ROUTE 5 AUTO SALES, ET AL.

[Cite as *In re Disqualification of Gwin* (1996), 77 Ohio St.3d 1244.]

(No. 96–AP–056—Decided April 26, 1996.)

MOYER, C.J. Affiant is counsel for the defendants in a wrongful death action pending before Judge James S. Gwin. He claims that at a pretrial conference conducted on March 20, 1996, Judge Gwin made several comments regarding settlement of the case that demonstrated bias or prejudice against the defendants. Affiant further contends that Judge Gwin refused to render summary judgment in the case, contrary to the applicable case law.

Having reviewed the materials submitted by affiant and Judge Gwin's response, I cannot conclude that the statements made by Judge Gwin at the pretrial conference demonstrate a bias or prejudice that requires the judge's disqualification from this case. The record indicates that Judge Gwin made several statements to both parties regarding the uncertainty of a jury verdict as compared to the certainty of a settlement offer. These statements appear to be evenhanded and do not reflect a bias or prejudice for or against any party in this case.

With regard to Judge Gwin's refusal to grant summary judgment in the case, the record does not support a finding that the refusal was a product of bias or prejudice against the defendants. The trial court's pretrial order dated November 28, 1995 clearly states that "[d]ispositive motions are to be filed by February 5, 1996." The mere fact that a judge insists on compliance with time deadlines contained in a pretrial order and refuses to consider motions that are not timely filed pursuant to that order is not indicative of bias or prejudice.

For the reasons set forth above, this affidavit of disqualification is found not well taken and is denied. The case shall proceed before Judge Gwin.